```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  )  ) **Plaintiff,** )  ) **v.** )  ) **RICHARD SIR, a/k/a SIR** ) **RICHARD, a/k/a SIR RICHARD** ) **NELSON,** )  ) **Defendant.** ) | **Case No. 09-20175** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Defendant Richard Sir's[1] objections to the Report and Recommendation of Magistrate Judge Tu M. Pham. (See Report and Recommendation on Defendant's Motion to Suppress, Dkt. No. 50.) ("Report") Magistrate Judge Pham recommended that the Court deny Sir's Motion to Suppress the evidence found when Memphis Police officers searched the vehicle Sir drove as well as the statements Sir made when officers arrested him. (Report at 2.) After reviewing Sir's objections, the Court OVERRULES them and ADOPTS the Report of the Magistrate Judge. The Motion to Suppress, therefore, is DENIED.

---

[1] Counsel for the Defendant has stated that Defendant's name is actually "Sir Richard." The Court will refer to Defendant as Richard Sir, the name by which the grand jury indicted him. (See Indictment, Dkt. No. 1, at 1.)

I.      PROCEDURAL AND FACTUAL BACKGROUND

On May 19, 2009, the grand jury returned an indictment charging Sir with three counts of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  The grand jury charged that on January 16, 2009, Sir possessed a Taurus .357 caliber revolver, a .45 caliber Bersa semi-automatic pistol, and a Mossberg 12-gauge shotgun.  (Indictment at 1-3.)  Sir has filed a Motion to Suppress the evidence officers found following his arrest and statements Sir made before officers read him his rights under Miranda v. Arizona, 384 U.S. 436, 467-68 (1966).

By order dated August 18, 2009, this Court referred the Motion to Magistrate Judge Pham for hearing and recommendation.  (See Order of Referral, Dkt. No. 22.)  The Magistrate Judge held a hearing on October 29, 2009; heard testimony from three witnesses; and admitted four exhibits into evidence.  Magistrate Judge Pham filed his Report on December 23, 2009, recommending that this Court deny Sir's Motion.  (Report at 2.)  Sir timely filed his objections to the Report.  (Objections to the Report and Recommendation of the Magistrate Judge, Dkt. No. 52.) ("Objections") Specifically, Defendant objects to the Magistrate Judge's conclusion that the arresting officers were credible and that the officers had probable cause to arrest the Defendant. (Objections at 1.)

2

The pending charges stem from a 911 call placed by Janet Cathey, Sir's girlfriend of two years, shortly before noon on January 16. Cathey reported that Sir, believing that Cathey was unfaithful, had made threatening telephone calls to her. (Report at 2.) Cathey believed that Sir possessed firearms and was on his way to her home at 1009 Rozelle Street, Memphis, Tennessee, to kill her. (Id.) Memphis Police Officers Anthony Morris and Lenayan Holmes responded to Cathey's call. Officers found Cathey "hysterical," "scared," "shaking extremely bad," and "uncontrollable." (Id. at 3.) Cathey explained to the officers that she believed Sir might be armed with guns that he had taken from her home, possibly including an AK-47 assault rifle. (Id.)

After checking Cathey's residence to ensure that no one else was inside, the officers returned to their vehicle and positioned it at a street corner across from Cathey's house. Morris, using the computer in his squad car, was able to obtain a digital image of Sir from his driver's license. When shown the image, Cathey confirmed that it was Sir. (Id. at 3-4.) Cathey then told the officers that she had just received another threatening call from Sir. Sir once again had claimed to be heading toward her house with the intention of killing her. (Id. at 4.) Officers again instructed Cathey to remain in her home. Soon thereafter, officers observed a gray, Toyota Corolla

3

sedan approach. When the car crossed in front of Cathey's house, Cathey emerged and yelled to officers, "There he is!" (Id.) The car's four passenger windows and its rear windshield were darkly tinted. Its front windshield, however, was clear. (Id.) Morris could see the driver of the Corolla and confirmed that it was Sir. (Id. at 5.)

Officers activated their blue lights to initiate a traffic stop. Sir stopped, exited his vehicle, and reached inside the back of the car. (Id.) Believing that Sir could be reaching for a gun, officers drew their weapons and ordered Sir to lie on the ground. Sir complied, and officers handcuffed him and placed him in the back of their patrol car. (Id.) Sir voluntarily made several statements to officers before they could read him his Miranda rights. Sir told the officers that 1) the car belonged to his brother's fiancée; 2) they could find pistols and a shotgun in the back of the Corolla; and 3) the firearms belonged to him. (Id.)

With Sir secure in the patrol car, officers looked through the Corolla's tinted rear-passenger windows and saw clothes scattered throughout the back of the car. (Id.) Officers also saw what they believed to be the butts of a pistol and a shotgun protruding from underneath the clothes. (Id.) The officers could not open the Corolla's doors because Sir had thrown the keys inside and locked the car before police handcuffed him.

4

(Id. at 5-6.) Running the car's license plate through their computer, officers determined that Chokese Parker was the registered owner of the Corolla. Parker came to Rozelle Street when contacted by the Memphis Police. (Id. at 6.) An officer shined a flashlight through the tinted back windows so that she could see the weapons' butts. Parker then gave officers permission to search her vehicle and signed a consent form. (Id.) When officers unlocked the Corolla, they found two handguns and a rifle. All three were loaded. (Id.)

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's ruling on a Motion to Suppress, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A district court is not required to review – under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The Court should adopt the findings and rulings of the magistrate judge to which a party files no specific objection. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

## III. ANALYSIS

### A. The Arresting Officers Were Credible

Sir's first objection to the Report of the Magistrate Judge is to his finding that the arresting officers were credible. The Defendant focuses his argument on the undisputed fact that all of the Corolla's windows, save the front windshield, were tinted. Sir reasons that officers could not have seen the two guns in the back seat through the darkly tinted glass. (Objections at 1.)

Other than his suppositions, Sir cites no alternative set of facts to cast the officers' recollections into doubt. It is undisputed that, before officers could handcuff Sir, he threw the keys into the Corolla and locked the doors. (Report at 5-6.) Officers were only able to open the vehicle and seize the guns after Parker, the car's owner, had arrived. (Id. at 6.) Parker testified that, before she consented to officers' opening and searching her Corolla, they showed her the location of two firearms in the car's back seat. (Id.) Sir does not contest Parker's recollection of events and has given the Court no reason to cast doubt on her credibility. (See Objections at 1 (only calling the officers' credibility into question).) Given Parker's testimony, the Court agrees with the Magistrate Judge that it was possible to see into the interior of the Corolla despite the tint on the passenger windows and the rear

windshield and finds no reason to discount the credibility of Officers Morris and Holmes. The Court, therefore, OVERRULES Sir's first objection to the Report of the Magistrate Judge.

### B. Officers Had Probable Cause to Arrest Sir and the Subsequent Search of the Corolla Was Proper

Sir's second objection is to the Magistrate Judge's legal conclusion that officers had probable cause to arrest him after stopping the Corolla. (Objections at 3.) He argues that, because his arrest was illegal, officers had no grounds to search the vehicle. Sir, therefore, asks this Court to suppress the three firearms officers found in the Corolla's back seat. (Id. at 2-3.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Where officers lack probable cause, an arrest of a suspect violates his Fourth Amendment right against unreasonable seizure. See United States v. Torres-Ramos, 536 F.3d 542, 554 (6th Cir. 2008); Ingram v. City of Columbus, 185 F.3d 579, 592-93 (6th Cir. 1999). "'Probable cause exists where the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an

7

offense.'" United States v. Campbell, 486 F.3d 949, 957 (6th Cir. 2007 (quoting United States v. Sangineto-Miranda, 859 F.2d 1501, 1508 (6th Cir. 1988)) (omission in original). Reviewing courts must be careful, however, to remember that "probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983).

When officers arrested Sir they had information that: 1) Sir had called his girlfriend Cathey repeatedly, threatening to return to her home and kill her (Report at 2-3); 2) Sir had retrieved guns from Cathey's home (id. at 3); and 3) after his final threatening telephone call, Sir had driven to Cathey's Rozelle Street address. (Id. at 4-5.) These facts "were sufficient to warrant a prudent person . . . [to] believe[] . . . that [Avery] ha[d] committed" the crime of domestic assault. Campbell, 486 F.3d at 957; see also Tenn. Code Ann. § 39-13-111.

Tennessee law defines assault as "[i]ntentionally, knowingly, or recklessly caus[ing] another to reasonably fear imminent bodily injury." Tenn. Code Ann. § 39-13-101(a)(2). Where the person assaulted is a "domestic abuse victim," the perpetrator is guilty of domestic assault. See id. § 39-13-111(b). A "domestic abuse victim" includes "adults . . . who are dating or who have had a sexual relationship." Id. § 39-13-

8

111(a)(3).  It is undisputed that Sir and Cathey had dated for two years.  (Report at 3.)  Sir's repeated threats of violence against Cathey coupled with his approach toward her home would lead any reasonable person to fear "imminent bodily injury."  Tenn. Code Ann. § 39-13-101(a)(2).  Sir's objection that officers arrested him without probable cause is without merit and OVERRULED.

The Supreme Court's recent decision in Arizona v. Gant held that officers may search an automobile incident to an arrest "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'"  129 S. Ct. 1710, 1719 (2009) (quoting Thornton v. United States, 514 U.S. 615, 632 (2004) (Scalia, J., concurring in the judgment)).  When officers searched the Corolla, they had information that Sir had taken guns from Cathey's home, might have an AK-47 in his possession, and had threatened to kill Cathey.  (Report at 11.)  These facts alone would lead a reasonable person to believe that evidence related to the assault, i.e., the firearms, might be found in the vehicle.  Cf. Gant, 129 S. Ct. at 1719 (noting that a drug arrest will generally give officers reasonable belief to search a suspect's car); United States v. Avery, No. 07-20040, 2010 U.S. Dist. LEXIS 7190, at *14-17 (W.D. Tenn. Jan. 28, 2010) (concluding that officers' search of a suspect's van after his arrest for armed robbery was proper under Gant).

Officers also had seen the butts of a pistol and a shotgun in "plain view" in the back seat of the Corolla. See United States v. Dunn, 480 U.S. 294, 305 (1987) ("[I]t is 'beyond dispute' that the action of a police officer in shining his flashlight to illuminate the interior of a car, without probable cause to search the car, 'trenched upon no right secured . . . by the Fourth Amendment.'" (quoting Texas v. Brown, 460 U.S. 730, 739-40 (1983) (plurality opinion) (omission in original))). The sight of two firearms in the Corolla's backseat made it certain that officers would find in the vehicle evidence of the crime for which Sir was arrested, further supporting the conclusion that officers' search of the Corolla was proper. See Gant, 129 S. Ct. at 1719 (requiring only a reasonable belief that evidence will be found). Sir's objection that the officers' search of the Corolla was unreasonable is OVERRULED.[2]

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that Sir's objections are not well taken. The Court, therefore, ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES the Motion to Suppress.

---

[2] In light of the clear applicability of the Gant exception to the Fourth Amendment's warrant requirement, the Court need not address the Magistrate Judge's conclusion that the registered owner of the car's consent to search her vehicle trumps Sir's clearly manifested refusal to consent – his throwing the keys into the car and locking it. Cf. Georgia v. Randolph, 547 U.S. 103, 106 (2006) ("[A] physically present co-occupant's stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid.")

10

So ordered this 2nd day of February, 2010.

                                                    s/ Samuel H. Mays, Jr.
                                                    SAMUEL H. MAYS, JR.
                                                    UNITED STATES DISTRICT JUDGE